UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robin Evans, | ) | C/A No. 4:06-CV-3582-RBH-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Iredell County Sheriff Dept; | ) | |
| Sheriff Phil Redmond; and | ) | |
| Detective Andy Potent, | ) | |
| | ) | |
| Defendant(s). | ) | |

This is a civil action filed *pro se*.[1] This is the second action this Plaintiff has filed concerning certain aspects of criminal court proceedings that either are currently taking place or have taken place against Plaintiff in the state court of Iredell County, North Carolina. See Evans v. Elmers Prods., Civil Action 4:06-412-RBH (civil rights action dismissed under Heck v. Humphrey, Rooker/Feldman, and lack of personal jurisdiction over defendants). In the present case, Plaintiff seeks an order from this Court directing the Iredell County, North Carolina Sheriff's Department, the Sheriff, and one of his deputies to turn over to Plaintiff all documents in their possession relative to the criminal case against Defendant. Plaintiff claims that Defendants' refusal to do so, despite his requests, violates the "Freedom of Information Act." *See* 5 U.S.C. §§ 552 through 559.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).[2] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

This Court is without jurisdiction to consider Plaintiff's claims against the Defendants: a North Carolina state or county agency and North Carolina state or county employees under the Federal Freedom of Information Act. It is well settled that the Federal Freedom of Information is applicable to agencies or departments of the Government of the United States, and is not applicable to agencies or departments of a state. *See*, *e.g.*, Grand Cent. Partnership, Inc. v. Cuomo,166 F.3d 473, 484 (2d Cir. 1999) ("it is beyond question that FOIA applies only to federal and not to state agencies"); Philip Morris, Inc., v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA ⋯ applies only to federal executive branch agencies"); St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1373 (9th Cir. 1981) (definition of "agency" under FOIA "does not encompass state agencies or bodies"); Johnson v. Wells, 566 F.2d 1016, 1018 (5th Cir. 1978)

---

[2]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

(state board of parole not agency within meaning of FOIA). North Carolina has its own state statutes addressing public records. Public Records Act, N.C. Gen. Stat. §§ 132-1 through 132-10. Under § 132-9 of that Act, a person who is denied public records in North Carolina "may apply to *the appropriate division of the General Court of Justice* for an order compelling disclosure or copying and the court shall have jurisdiction to issue such orders."[3] If Plaintiff does not wish to pursue his claim in the state courts of North

---

[3]The full North Carolina statute reads:

§ 132-9. Access to records

(a) Any person who is denied access to public records for purposes of inspection and examination, or who is denied copies of public records, may apply to *the appropriate division of the General Court of Justice* for an order compelling disclosure or copying, and the court shall have jurisdiction to issue such orders. Actions brought pursuant to this section shall be set down for immediate hearing, and subsequent proceedings in such actions shall be accorded priority by the trial and appellate courts.

(b) In an action to compel disclosure of public records which have been withheld pursuant to the provisions of G.S. 132-6 concerning public records relating to the proposed expansion or location of particular businesses and industrial projects, the burden shall be on the custodian withholding the records to show that disclosure would frustrate the purpose of attracting that particular business or industrial project.

(c) In any action brought pursuant to this section in which a party successfully compels the disclosure of public records, the court shall allow the prevailing party to recover its reasonable attorneys' fees if attributed to those public records, unless the court finds the agency acted with substantial justification in denying access to the public records or the court finds circumstances that would make the award of attorneys' fees unjust.

Any attorneys' fees assessed against a public agency under this section shall be charged against the operating expenses of the agency; provided, however, that the court may order that all or any portion of any attorneys' fees so assessed be paid personally by any public employee or public official found by the court to have knowingly or intentionally committed, caused, permitted, suborned, or participated in a violation of this Article. No order against any public employee or public official shall issue in any case where the public employee or public official seeks the advice of an attorney and such advice is followed.

(continued...)

3

Carolina he may be able to file a state statutory Public Records disclosure claim within the diversity jurisdiction the United States District Court for the Western District of North Carolina.

Furthermore, as Plaintiff was informed in his first case in this Court, it is highly doubtful that this Court could even obtain personal jurisdiction over the North Carolina resident Defendants. He was informed in that case that the state or federal courts within North Carolina would be more likely to be able to obtain personal jurisdiction over his Defendants, among whom were included the same Defendants he names in this case. The same is true in this case because the refusal to provide the requested documents, as well as everything else concerning the felony stalking case of which Plaintiff complains, took place in the North Carolina, not in South Carolina. A bedrock requirement in any action under 42 U.S.C. § 1983 is that the district court in which a Complaint is brought shall have personal jurisdiction over the person(s) of the defendant(s). Rule 4(e) Federal Rules of Civil Procedure (Fed. R. Civ. P.) ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> > (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

---

[3](...continued)

> > (d) If the court determines that an action brought pursuant to this section was filed in bad faith or was frivolous, the court shall assess a reasonable attorney's fee against the person or persons instituting the action and award it to the public agency as part of the costs.

(emphasis added).

Under South Carolina law, nonresidents may be served and subjected to state court jurisdiction, under the provisions of S.C. Code Annotated § 36-2-803 ("Personal jurisdiction based upon conduct"):

> (1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
>
>> (a) transacting any business in this State;
>> (b) contracting to supply services or things in the State;
>> (c) commission of a tortious act in whole or in part in this State;
>> (d) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
>> (e) having an interest in, using, or possessing real property in this State; or
>> (f) contracting to insure any person, property or risk located within this State at the time of contracting; or
>> (g) entry into a contract to be performed in whole or in part by either party in this State; or
>> (h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.
>
> (2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him. . . .

Comparison of the foregoing list with the Complaint in this case demonstrates that this Court is without jurisdiction over the persons of any of the named Defendants since everything they have allegedly done took place in North Carolina, and therefore this Court cannot entertain Plaintiff's claims against them. As he was informed in his previous case in this Court, it is evident that only the Iredell County state courts and/or the United States District Court for the Western District of North Carolina, Statesville Division are the proper courts in which to adjudicate the claims raised in this Complaint against these non-residents of South Carolina.[4] Although Plaintiff claims that he has been threatened with prosecution should he "appear" in North Carolina, there does not appear to be any restriction on his filing of appropriate court documents in either the state or federal courts in North Carolina through the mail or of his obtaining North Carolina counsel to represent him in a civil action filed in that state.

---

[4] The Iredell County Courthouse is located at 221 East Water St., Statesville, NC 28677. The U.S. District Court, Statesville Division, is located at 200 W. Broad St., Statesville, NC 28677.

## **RECOMMENDATION**

Plaintiff's claim for Iredell County, North Carolina records disclosure cannot be based on the Federal Freedom of Information Act, but, rather, it must come under the North Carolina Public Records Act. Under that Act and under the circumstances presented, that claim must be made in North Carolina in either the state or federal courts, not in this Federal Court situated in South Carolina. Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 13, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).